# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR267 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CHRISTOPHER L. GRANT, | ) | |
| Defendant. | ) | |

This matter is before the Court on remand from the Eighth Circuit Court of Appeals.

The Defendant was originally sentenced to 170 months imprisonment. His sentencing guideline range was 151-188 months. On June 18, 2009, the Court reduced his sentence to 130 months pursuant to Amendment 706 to the sentencing guidelines. On January 12, 2012, the Court granted the Defendant's pro se[1] motion for a reduction in sentence pursuant to Amendment 709 to the sentencing guidelines and reduced the Defendant's sentence to 123 months. Amendment 709 placed the Defendant within a sentencing guideline range of 110-137 months.

On February 8, 2012, the Defendant filed a notice of appeal. The Court allowed the Defendant to proceed on appeal in forma pauperis. The Eighth Circuit noted that the appeal appeared to be untimely and ordered Mr. Schense to show cause why the appeal should not be dismissed as untimely. In response, Mr. Schense filed a Motion to Not Dismiss Appeal as Untimely, stating:

> From a review of the entire court file it appears that the Notice of Appeal should have been filed on, or before, January 26, 2012. Undersigned counsel takes complete responsibility for the timely filing of all pleadings for clients and should have filed the Notice of Appeal for this Appellant in a timely manner. It is hoped that this Appellant will not be prejudiced by his late filing in this case of his intent to appeal. The Appellant here should bear

---

[1] The motion was filed on August 4, 2011. On November 7, 2011, Donald L. Schense was appointed.

> no responsibility for not meeting any applicable time standards set by the Court as this burden rightly falls upon counsel. It is hoped that this Appellant will be allowed to pursue his appeal to this Court. This request for not dismissing this appeal as untimely is made in the interests of justice and not to circumvent the administration of the judicial system.

(No. 12-1339, filed Mar. 18, 2012.)

The Eighth Circuit remanded the case for this Court "to determine whether good cause or excusable neglect warrant an extension of time of thirty days within which to file a notice of appeal given . . . counsel's acknowledgement of error." (Filing No. 136.)

## DISCUSSION

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) states that a criminal defendant must file a notice of appeal within fourteen days after the entry of the order or judgment being appealed. The time period may be extended "[u]pon a finding of excusable neglect or good cause" for up to thirty days from the expiration of the deadline. Fed. R. App. P. 4(b)(4). The Supreme Court has stated that in deciding whether a party's neglect to meet a deadline is "excusable":

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394 (1993); *see also Fink v. Union Central Life Ins. Co.,* 65 F.3d 722, 724 (8th Cir. 1995) (applying the Supreme Court's analysis in *Pioneer Inv. Servs. Co.* to the context of the filing of a notice of appeal).

The Supreme Court then noted that it has held that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. at 396. This pronouncement, however, was made in the context of retained, chosen counsel. *Id*. at 397. The Court also considered that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control." *Id.* at 388.

Applying the relevant factors to this case, Mr. Schense was appointed counsel and was not chosen by the Defendant. Mr. Schense provided no reason for missing the deadline, and from his statements the Court assumes he inadvertently failed to timely file the notice of appeal. The Defendant could be prejudiced if not allowed to appeal, the delay is not long, and the potential impact on judicial proceedings is not great. The Court concludes that the relevant factors, and the interests of justice, weigh in favor of a finding of excusable neglect and, therefore, the Court need not reach the issue of "good cause."

IT IS ORDERED:

1. The Court finds that excusable neglect warrants an extension of time of thirty days within which to file a notice of appeal; and
2. The Clerk is directed to provide the Eighth Circuit Court of Appeals with a copy of this Memorandum and Order.

DATED this 10th day of April, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge